*855 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael Richard Bark, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public. In re: Bark, 09-2300 (La.10/22/09), 22 So.3d 901.
FORMAL CHARGES
Count I — The Hunter/Word Matter
Between November 2006 and January 2008, respondent induced Hunter Contracting and Development, Inc. (“Hunter”) and Louis Word to forward him substantial sums of money as part of an investment scheme.[1] Respondent reported to Hunter and Mr. Word that their investments were making rates of returns between 17% and 19%.
In May 2008, Hunter and Mr. Word advised respondent of their intent to withdraw their investments and profits. Although respondent promised to forward their funds, which totaled more than $1,000,000, by late June 2008, he failed to do |2so. As such, Hunter and Mr. Word retained attorney Lanny Zatzkis to represent them in the matter.
On January 15, 2009, respondent issued two checks from his attorney trust account: the first was in the amount of $493,256 and made payable to Mr. Word and Mr. Zatzkis; the second was in the amount of $969,944 and made payable to Hunter and Mr. Zatzkis. Both checks were returned because of non-sufficient funds in respondent’s trust account, and neither check has been made good. On March 20, 2009, Mr. Zatzkis, on behalf of Hunter and Mr. Word, filed a lawsuit *856 against respondent in the Twenty-Fourth Judicial District Court for the Parish of Jefferson.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a) (safekeeping property of clients or third persons), 1.15(d) (failure to timely remit funds to a client or third person), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Count II — The Lesage Matter
On April 4, 2008, respondent induced George Lesage to forward him $15,000 as part of an investment scheme. Respondent represented to Mr. Lesage that the expected returns on his investment were between 15% and 20%. In August 2008, respondent sent Mr. Lesage a statement on his attorney-at-law letterhead, stating that the value of Mr. Lesage’s account was $25,626. He also represented that he would mail the funds to Mr. Lesage in mid-September 2008. However, respondent failed to mail the funds, despite Mr. Lesage’s numerous requests for him to do so.
|aThe ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(b) and 8.4(c).
Count III — The Failure to Cooperate Matter
Mr. Zatzkis and Mr. Lesage filed disciplinary complaints against respondent in 2009; however, respondent failed to reply to the complaints. As such, the ODC subpoenaed him to provide a sworn statement and to produce his financial records, including his trust account records for the months of January 2008 through March 2009. After requesting and receiving one continuance, respondent appeared for the sworn statement on October 7, 2009 but did not produce any financial records. Under oath, respondent promised to provide the ODC with written responses to the complaints and the subpoenaed financial records by October 12, 2009. Respondent also promised to return for the taking of his sworn statement on October 15, 2009. Respondent did not provide the ODC with the written responses or the financial records, and he did not appear for the October 15, 2009 sworn statement.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 3.4(a) (a lawyer shall not unlawfully obstruct another party’s access to evidence), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). The ODC also alleged respondent’s conduct violated Supreme Court Rule XIX, § 9(c) (it shall be a ground for discipline for a lawyer to knowingly fail to respond to a lawful demand from a disciplinary authority).
| ¿Counts IV & V — The Rolston/Matje Matter
Between January 2005 and March 2005, respondent induced Gaylord and Nancy Rolston, residents of Iowa, to forward him a total of $4,500 as part of an investment scheme. Also between January 2005 and March 2005, respondent induced Arnold and Evelyn Matje to forward him a total of $7,500 in the same investment scheme.
Respondent made misrepresentations and omissions of fact to the Rolstons and *857 the Matjes, including but not limited to: 1) misrepresenting the investment risk associated with the securities; 2) misrepresenting the returns being earned; and 3) failing to disclose the scope of the risk, his background and investment .experience, that he was not registered as an agent for the sale of the securities pursuant to Iowa law, and that the securities had not been registered pursuant to Iowa law. Respondent made written and verbal promises to the Rolstons and the Matjes to refund the amounts invested, but no reimbursements have been made.
In August 2008, respondent induced the Rolstons to forward him an additional $1,000 in his investment scheme. Soon thereafter, respondent sent Mr. Rolston a statement on his attorney-at-law letterhead, stating that the value of the Rol-stons’ account was $13,900. He also represented that the funds would be mailed to the Rolstons. However, respondent failed to mail the funds, despite the Rolstons’ numerous requests for him to do so.
On July 10, 2009, the Iowa Insurance Commissioner, in In the Matter of Michael Bark, Division Docket No. 61901, found that respondent made untrue statements of material fact and made omissions of material fact in the sale of securities. The Insurance Commissioner assessed a $10,000 civil penalty against respondent and issued a cease and desist order prohibiting respondent from participating in the sale of unregistered securities.
lsThe ODC‘alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(b) and 8.4(c).
DISCIPLINARY PROCEEDINGS
In September 2010, the ODC filed formal charges against respondent, alleging he violated the Rules of Professional Conduct as set forth above. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined that, based on the deemed admitted facts and the conclusive establishment of the formal charges, respondent’s conduct warrants disbarment in accordance with the ABA’s Standards for Imposing Lawyer Sanctions. Without providing specifics, the committee determined that numerous aggravating factors and one mitigating factor were present.
The committee indicated it was most concerned with respondent’s continued dishonesty, obstruction, and actions, which suggest he has a continuing and blatant disregard for the ethical standards he swore under oath to uphold. Additionally, the committee determined there was no evidence of concern or remorse for how his repeatedly deceitful actions caused significant harm to his multiple victims. The committee further determined that respondent’s almost complete disregard of the formal charges appears consistent in spirit and intent with the manner in which he | (¡defrauded his clients; therefore, he represents a continued and permanent danger to the public should he ever again be allowed to practice law.
After also considering respondent’s conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, the committee rec *858 ommended respondent be permanently disbarred. The committee also recommended respondent be ordered to make full and complete restitution, with legal interest, to his victims.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation. Respondent did, however, send the disciplinary board a letter of resignation, stating that he was resigning from the bar association effective May 18, 2011 and would not appear for oral argument before the board.

Disciplinary Board Recommendation

After review, the disciplinary board determined the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence. Based on the deemed admitted facts, the board determined respondent violated the Rules of Professional Conduct as follows:
Respondent violated Rules 3.4(a), 3.4(c), 8.1(b), 8.1(c), 8.4(d), and Supreme Court Rule XIX, § 9(c), because he failed to provide financial records to the ODC pursuant to a subpoena. He also violated Rules 3.4(a), 8.1(c), and 8.4(d) by failing to appear for the taking of his sworn statement. He violated Rules 8.4(b) and 8.4(c) by using his attorney letterhead to engage in multiple criminal acts and to engage in conduct involving dishonesty, fraud, deceit, and misrepresentation. Finally, because he committed actual violations of the Rules of Professional Conduct, respondent also violated Rule 8.4(a).
|7The board determined, however, that respondent did not violate Rules 1.15(a) and 1.15(d). With respect to Rule 1.15(a), the board found the record contains no evidence of an attorney-client relationship between respondent and his victims. While arguably a business relationship existed, respondent was not representing the victims in a legal capacity, and he did not have possession of their funds in connection with a representation. Furthermore, even if the requisite attorney-client relationship were present, there is no evidence to indicate that respondent’s trust account contained his own funds, resulting in commingling of his funds with his victims’ funds. Without a factual allegation in the formal charges establishing that respondent commingled funds, the board determined the ODC failed to meet its burden of proof. With respect to Rule 1.15(d), the board again found no evidence of an attorney-client relationship; nor did it find evidence that the victims could be considered third persons as defined by the rule. Without a factual allegation in the formal charges establishing that the victims were third persons as defined by the rule, the board determined the ODC failed to meet its burden of proof.
The board further determined respondent violated duties owed to the public, the legal system, and the legal profession. He acted knowingly and intentionally, and his misconduct resulted in substantial actual harm. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is disbarment.
In aggravation, the board found the following factors are present: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary agency, deceptive practices during the disciplinary process by failing to keep promises made to produce documentation, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the | spractice of law (admitted 1996), and indifference to making restitution. The sole mitigating factor found by the board was the absence of a prior disciplinary record.
*859 Turning to the issue of an appropriate sanction, the board considered respondent’s conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, and the prior jurisprudence of this court. The board concluded that, although respondent did not actually convert client funds, his conduct represents a very serious ethical breach. Respondent used his lawyer status to gain the trust and confidence of a number of investors and intentionally defraud them out of substantial sums of money. Furthermore, his refusal to cooperate in these disciplinary proceedings also demonstrates his lack of moral character and fitness necessary to practice law.
Under these circumstances, the board recommended respondent be permanently disbarred. The board also recommended respondent be ordered to make appropriate restitution to his victims.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and c.onduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed ^admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent was involved in an investment scheme wherein he fraudulently induced several parties to invest a total of $373,000.[2] He also issued two checks, totaling $1,463,200, which were returned due to insufficient funds in his trust account. Finally, he failed to cooperate with the ODC in its investigations. Based on these facts, respondent has violated the Rules of Professional Conduct as determined by the disciplinary board.
'Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and *860 mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record further supports a finding that respondent knowingly and intentionally violated duties owed to the public, the legal system, and the legal |T nprofession. His misconduct caused significant actual harm. The baseline sanction for this type of misconduct is disbarment.
Aggravating factors include a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and indifference to making restitution. Mitigating factors are the absence of a prior disciplinary record and the imposition of other penalties or sanctions.
Having determined that disbarment is the baseline sanction in this matter, we now consider whether respondent’s misconduct is so egregious as to warrant the imposition of permanent disbarment. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct that might warrant permanent disbarment. However, we also made it clear that these guidelines are not intended to bind our decision-making process. While respondent’s conduct may not definitively fit any of the specific permanent disbarment guidelines, his conduct nevertheless demonstrates a clear lack of moral fitness. Therefore, we can conceive of no circumstances under which we would allow him to be readmitted to the practice of law.
Under these circumstances, we will adopt the board’s recommendation and permanently disbar respondent. We will also order respondent to make restitution to his victims.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Michael Richard Bark, Louisiana Bar Roll number 24014, be stricken from the roll |nof attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. It is further ordered that respondent make restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. According to the documentary evidence in the record, Hunter invested $325,000, and Mr. Word invested $20,000.

. On August 17, 2011, respondent was charged with wire fraud in a one-count bill of information filed in the United States District Court for the Eastern District of Louisiana. The charge appears to be based on his involvement in the investment scheme that is the subject of these disciplinary proceedings.